# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOMAINE JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>K. FRANKLIN,<br><br>        Defendant. | Case No. 1:14-cv-01409 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |

Plaintiff Jomaine Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on September 10, 2014. Pursuant to Court order, he filed a First Amended Complaint ("FAC") on March 25, 2015. He names K. Franklin as the sole Defendant.[1]

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 24, 2014.

the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issue occurred.

Plaintiff alleges that on June 18, 2013, his former attorney mailed trial transcripts and other court documents to Plaintiff. The documents were relevant to his criminal matter.

On September 1, 2013, Plaintiff filed an inmate appeal in an attempt to locate the documents. Plaintiff explained to Defendant Franklin that he needed the documents to initiate a collateral attack

2

1  on his conviction.  Without the documents, Plaintiff contends that his claims are just speculation and
2  conjecture.

3        Defendant Franklin responded to Plaintiff's appeal, stating, "[T]here are no transcripts in the
4  mailroom.  The mail and dates in question have been delivered to you and signed for attachments
5  provided." ECF No. 8, at 2.  She further stated that she was unable to verify if the documents
6  actually arrived at the institution.

7        Plaintiff contends that his attorney indicated that he was sending him all of the files on June
8  18, 2013.  However, Plaintiff was not given the documents from Defendant Franklin or the mailroom
9  staff.

10        Based on these facts, Plaintiff alleges a violation of the First Amendment.

11  **C.**    **DISCUSSION**

12        Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518
13  U.S. 343, 346, 116 S.Ct. 2174 (1996); <u>Silva v. DiVittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011);
14  <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief,
15  Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to
16  contemplated or existing litigation." <u>Nevada Dep't of Corr. v. Greene</u>, 648 F.3d 1014, 1018 (9th
17  Cir. 2011) (citing <u>Lewis</u>, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct.
18  1823 (2012); <u>Christopher v. Harbury</u>, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); <u>Lewis</u>, 518 U.S. at
19  351; <u>Phillips</u>, 588 F.3d at 655.

20        In the prior screening order, the Court explained that Plaintiff had not alleged any actual
21  injury.  The Court also explained that Plaintiff's allegations, based "on information and belief," were
22  speculative and lacked factual support to state a claim.

23        Plaintiff failed to add any factual allegations to support his claims in his FAC.  Although he
24  changed the name of the First Amendment violation to "Loss and/or Destruction of Documents
25  Needed for the Pursuit of Post-Conviction Relief," his allegations remain unsupported.  The Court's
26  prior analysis remains applicable:

27        Here, although Plaintiff mentions that the documents were necessary to challenge his
      criminal conviction, he does not allege any actual injury.
28

Moreover, Plaintiff's allegation against Defendant Franklin is based on "information and belief." He states, "[u]pon information and belief, Defendant Franklin acted with reckless disregard towards Plaintiff when she maliciously discarded legal documents. . ." ECF No. 1, at 3. Such speculative allegations, without factual support, are wholly inadequate to link Defendant to an alleged violation. In fact, according to Plaintiff's allegations, Defendant Franklin looked for his documents and responded accordingly.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

ECF No. 7, at 3-4.

For these reasons, Plaintiff again fails to state a claim for which relief may be granted.

**D.   ORDER**

Plaintiff has been given an opportunity to amend, but he has failed to correct the factual deficiencies. In fact, Plaintiff submitted almost the exact same allegations. The Court finds that further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, Plaintiff's FAC is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **September 15, 2015**                    /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE

4